**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NITZA DERFNER,                                  No. C 05-00261 SI

          Plaintiff,                            **ORDER GRANTING MOTION TO**
                                                **DISMISS**
     v.

JOHN  R. COSGROVE, et al.,

          Defendants.

_____/

On October 14, 2005, the Court heard argument on defendants' motions to quash service and to dismiss the case.  Having considered the arguments and the papers submitted, including the additional papers submitted by plaintiff at the hearing, the Court hereby DENIES defendants' motion to quash service of summons and *sua sponte* DISMISSES the complaint with prejudice with respect to defendants Cosgrove, Beaseley, Jorgenson, McClure, Flegel, and the City of Menlo Park.  The Court DISMISSES the complaint without prejudice with respect to defendants Godfrey, Hautzik, Odou, and Mendiola.

**BACKGROUND**

Pro se plaintiff Nitza Derfner filed a complaint in this Court on January 18, 2005.  Plaintiff alleged that defendants engaged in various unlawful activities, in 1979 and from 1986 to 1988, concerning zoning permits for construction to remodel her home at 860 Hobart Street, Menlo Park, California.  She alleges that in 1979 defendants fraudulently altered her zoning application and permit, and published false statements regarding plaintiff's remodeling construction.  She also claims that in 1988 defendants used the allegedly fraudulent alterations on the 1979 permit as a means to require a new permit.  Plaintiff alleges that defendants caused her financial harm by contributing to the city's decisions to halt construction and to require a new permit.  Plaintiff claims that defendant Cosgrove led the other plaintiffs to these actions, based on personal animus and desire for political gain.

This is not the first complaint filed by plaintiff arising out of the 1988 remodeling dispute.  Plaintiff filed

United States District Court
For the Northern District of California

her first suit in the Superior Court of California, County of San Mateo, on October 5, 1992; that case was dismissed on January 8, 1993, because plaintiff had not filed a government tort claim under California Government Code § 910 et seq.

On May 7, 2001, some eight years later, plaintiff filed a second suit in the Superior Court of California, County of San Mateo. On October 25, 2002, after the court granted two demurrers with leave to amend, plaintiff filed her Second Amended Complaint, containing the same seven causes of action found in the first complaint in that action. (These are, notably, also the same seven causes of action against the same defendants in the complaint filed with this Court on January 18, 2005, sounding in: (1) Fraud, (2) Conspiracy, (3)-(5) Violation of 18 U.S.C. § 1962(b)-(d), respectively (Civil RICO), (6) Violation of U.S.C. § 1985.3 (Civil Rights), and (7) Inverse Condemnation.) Although plaintiff sued a number of defendants in that Superior Court suit, it appears that the City of Menlo Park was the only defendant that plaintiff ever served.

Defendant City of Menlo Park prevailed on all causes of action in the second Superior Court suit. On March 26, 2003, the Superior Court sustained the demurrer without leave to amend on the Tort Claims Act as to the first and second causes of action. On March 3, 2004, the court granted summary adjudication on the RICO claims as to the third, fourth, and fifth causes of action, and also granted summary adjudication on the inverse condemnation claim as time-barred. Finally, on September 23, 2004, the Superior Court granted the City's summary judgment motion on the civil rights claim in the sixth cause of action as time-barred. The court issued a Notice of Entry of Final Order on October 19, 2004.

On May 19, 2005, plaintiff filed a motion to set aside the summary judgment in the Superior Court. That motion was heard on July 8, 2005, at which time the Superior Court ruled tentatively to deny the motion. Plaintiff immediately filed a motion for reconsideration of that ruling. On July 18, 2005, the Superior Court denied both motions.

On January 18, 2005, after the Superior Court granted summary judgment against plaintiff but before plaintiff filed the motion to set it aside, plaintiff filed her complaint with this Court. Plaintiff did not serve defendants with the summons and a copy of the complaint within 120 days of filing the complaint as required by Rule 4 of the Federal Rules of Civil Procedure. At the initial case management conference on May 20, 2005, the Court granted plaintiff's request for additional time to serve the defendants with the summons and

United States District Court

For the Northern District of California

complaint. The Court ordered plaintiff to serve each defendant no later than June 20, 2005, noting that otherwise the Court would dismiss without prejudice any defendants that plaintiff did not serve on or before that date.

At the case management conference, the Court also granted plaintiff's request for a stay of this action, pending resolution of the motion to set aside summary judgment in the Superior Court case. The Court granted the stay until July 29, 2005. The Court ordered plaintiff to serve the defendants but did not require plaintiff to take any additional action until July 29, 2005. Likewise, the Court in its order relieved defendants from responding to the complaint until after July 29, 2005.

The summons was returned to this Court on June 15, 2005, indicating that on June 9, 2005, plaintiff served six of the ten defendants. It is these six defendants who have filed the present motions.

The defendants who were served included the City of Menlo Park, John R. Cosgrove, Beverly Beaseley, John Jorgenson, William L. McClure, and John L. Flegel. Defendant Beaseley is an employee of the City of Menlo Park, defendants Jorgenson and Cosgrove are former City Attorneys for the City of Menlo Park, and defendant McClure is the current City Attorney. Defendant Flegel is the attorney for all defendants who were served by plaintiff.

Plaintiff filed no proof of service for the remaining defendants. Defendants Godfrey, Hautzik, and Odou[1] were volunteer members of the Board of Zoning Adjustment for the City of Menlo Park. Defendant Ray Mendiola is a former city employee.

The defendants who were served now move to quash service and to dismiss the case. Defendants contend that the complaint served by plaintiff differs from the complaint filed with this Court. Plaintiff maintains that she served defendants with copies of the complaint filed with the Court.

Defendants also propose that the Court should dismiss the case *sua sponte* based on res judicata, and filed a request for judicial notice of several state court documents including the complaint and the orders of the Superior Court.[2] Plaintiff argues that the action is not barred by res judicata, insisting that she did not receive

---

[1] Plaintiff does not provide the full name of these defendants in the complaint or her other papers.

[2] Defendants filed a request for judicial notice and attached documents from the second suit in the Superior Court of California, County of San Mateo. These documents are part of the public record, their veracity is not subject to reasonable dispute, and the details they contain are capable of accurate and ready

United States District Court

For the Northern District of California

1  a final judgment on the merits from the state court.  She contends that the Superior Court denied her a fair

2  hearing on her claims, which she seeks in this Court.

3

4                                    **LEGAL STANDARD**

5       The Federal Rules of Civil Procedure require plaintiffs to serve defendants with the summons and a

6  copy of the complaint within 120 days after filing the complaint.  See Fed. R. Civ. P. 4(c)(1), 4(m).  Failure

7  to do so can result in a dismissal of the complaint, but the court may allow parties notice and opportunity to

8  explain any failures in service.  See Fed. R. Civ. P. 4(m).

9       The doctrine of res judicata bars the re-litigation of the same claims by the same parties. *See*

10 *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1046, 1051 (9th Cir. 2005).  Thus, where such

11 claims already received a final judgment on the merits in a state court, the federal court must dismiss the claims.

12 *See id.; see also see also Palomar Mobilehome Park Ass'n v. City of San Marcos,* 989 F.2d 362, 364 (9th

13 Cir. 1993).  As a general matter, a court may dismiss a case *sua sponte* based on res judicata.  *See*

14 *Headwaters,* 399 F.3d at 1054.

15

16                                     **DISCUSSION**

17 **1.    Motion to Quash**

18      Defendants claim that the complaint plaintiff served on June 9, 2005 is not an exact copy of the

19 complaint she filed with this Court.  Defendants admit they received an exact copy of the complaint from the

20 plaintiff, though it was not properly served, prior to the May 2005 case management conference.      Plaintiff

21 contends that she served defendants with copies of the complaint filed in this Court.  However, upon review

22 of defendants' papers, it does appear that plaintiff inserted additional text into the served complaint.

23 Defendants request that the Court quash service.  Courts, however, take a liberal approach concerning

24 technical issues with pleadings, particularly those of *pro se* plaintiffs. *See Nunes v. Ashcroft,* 375 F.3d 810,

25 813 (9th Cir. 2004); *see also Balistreri v. Pacifica Police Dep't.* 901 F.2d 696, 699 (9th Cir. 1988).  In

26

27 determination by resort to an accurate source.  *See* Federal Evidence Rule 201; *see also Lee v. City of Los*
   *Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting courts may take judicial notice of matters of public
28 record). Therefore, the Court takes judicial notice of these documents.

                                            4

light of plaintiff's *pro se* status and her belief that she served defendants with a copy of the filed complaint, the Court denies defendants' motion to quash.

## 2.    Res Judicata

Defendants also contend that dismissal is appropriate because plaintiff's claims are identical to the claims litigated in state court and are therefore barred by res judicata.  Res judicata, or claim preclusion, bars re-litigation of claims that were raised, or could have been raised, in a prior action.  *See Headwaters,* 399 F.3d at 1051.  Res judicata applies when a plaintiff files a second case with identical claims against the same defendant(s), if all claims received a final judgment on the merits in the first case.   *See id.; see also Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).  Here, in a complaint virtually identical to the Superior Court complaint, the plaintiff raises the same claims against the same defendants.  The Superior Court issued a final judgment on the merits on all claims.  The Court finds therefore that res judicata applies.

Defendant City of Menlo Park was the only defendant actually served in the Superior Court case, and all of the claims were adjudicated in its favor.[3]  On March 26, 2003, the state court sustained the demurrer without leave to amend on the Tort Claims Act as to the first and second cause of action, based on failure to comply with notice requirements. It then granted summary adjudication on the RICO claims as to the third, fourth, fifth causes of action on March 3, 2004, because as a matter of law government entities cannot form the requisite intent for RICO actions.  On that date it also granted summary adjudication on the inverse condemnation claim as time-barred.  Finally, on September 23, 2004, the court granted defendant's summary judgment motion on the civil rights violations as to the 6th cause of action as time-barred.  The Superior Court found as a matter of law that the evidence submitted by plaintiff indicated that she failed to act diligently to file within the limitations period, and furthermore that she presented no information that could invoke equitable tolling.

Plaintiff contends that her claims did not receive a final judgment on the merits and that therefore res

---

[3]Because the remaining defendants had not been served with process, the action was not dismissed as to them.  Had they been served in the action, most of the reasons for dismissal of the claims against the City would have applied equally to them.

United States District Court
For the Northern District of California

judicata does not apply. Contrary to plaintiff's understanding, however, the state-court ruling on each claim does constitute a final judgment on the merits. The State of California defines a final judgment on the merits as a judgment that "terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." *See Sullivan v. Delta Airlines,* 15 Cal. 4th 288, 304 (1997); *see also Palomar Mobilehome Park Ass'n,* 989 F.2d at 364 (9th Cir. 1993) (noting the federal court must accord the final state court judgment the same full preclusive effect that would be given under the law of that state).

The Superior Court disposed of the claims by two means, a demurrer without leave to amend, and summary adjudication/summary judgment. In California, a demurrer without leave to amend is always a final judgment on the merits, and when a court finds that the facts alleged do not establish a cause of action, res judicata applies. *See Palomar Mobilehome Park Ass'n,* 989 F.2d at 364. Here, the demurrer was granted without leave to amend due to plaintiff's failure to comply with the requirements of the California Tort Claims Act, which was a failure to state a claim upon which relief could be granted. Thus, the demurrer was a final judgment on the merits. Similarly, the state-court rulings on summary adjudication and summary judgment left nothing to be done with regard to those claims except to enforce the judgment. *See Sullivan,* 15 Cal.4th at 304. Therefore, the Court finds that the Superior Court adjudicated all claims against defendant City of Menlo Park on the merits, and that plaintiff's claims against defendant City of Menlo Park are barred by res judicata and must be dismissed without leave to amend.[4]

**3.    Statute of Limitations**

The Court concludes that the statutory periods for all of plaintiff's claims have expired, and that

---

[4] In addition to res judicata, defendants argue that the claims are also barred by a lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because plaintiff seeks relief in federal court from what she claims to be an unfair trial process in state court. However, the Supreme Court recently abrogated such an approach. *See Exxon Mobil Corp v. Saudi Basic Industries,* 125 S.Ct. 1517, 1521, 1526-1527 (2005). The Court has now made it clear that where the complaint does not allege injury caused by the previous state court judgment itself, then the *Rooker-Feldman* doctrine is not triggered. *See Exxon Mobil Corp.,* 125 S.Ct. at 1521, 1526-1527; *see also Manufactured Home Communities Inc. v. City of San Jose,* 420 F.3d 1022, 1029 (9th Cir. 2005). Plaintiff does not allege such an injury in her complaint; rather, both in her complaint and at oral argument, plaintiff suggests that she has been unable to obtain a fair hearing in state court. This does not trigger *Rooker-Fledman*. However, to the extent that plaintiff does allege the state court judgment against her caused her injury, the matter would be barred by a lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

United States District Court
For the Northern District of California

therefore all claims against defendants who were served must be dismissed without leave to amend.

Plaintiff's claims are based on events occurring in 1979 and 1986 through 1988. Using these dates to begin the statutory clock, the time periods on all claims expired long ago, and thus all of plaintiff's claims are time-barred. Plaintiff also alleges, however, that in June of 2000 she discovered facts previously hidden from her that provide the basis for her claims. *See* Pl. Compl. ¶ 20. She incorporated these allegations into all of her claims. *See* Pl. Compl. ¶ 23, 63, 70, 73, 77. (Notably, plaintiff included these same allegations in her 2001 Superior Court complaint, which is virtually identical to the present complaint. *See* Def. Mot. Ex. 2, ¶ 20, 23, 58, 63, 67, 70, 73, 77.) Plaintiff seems to be arguing that the statutory clock should begin after the June 2000 discovery of facts upon which she bases her claims. However, even assuming the period did not commence until July 1, 2000, the Court finds that the claims are nonetheless time-barred.

As to the first and second causes of action, fraud and conspiracy, the statute of limitations is three years. *See* Cal. Code Civ. P. 338(d); *see also Aaroe v. First American Title Ins.Co.,* 222 Cal.App.3d 124, 127 (1st Dist.,1990). Thus, even if the statutory period began on July 1, 2000, the fraud and conspiracy claims were time-barred as of July 1, 2003, a full year and a half before plaintiff filed this action. Plaintiff claims that she discovered still more pertinent documents in 2002 and on July 11, 2005, and argues these documents provide further proof that defendant hid information from her, forged documents, and perpetrated fraud on the Superior Court. However, the more recent alleged discoveries at most simply support the same claims previously alleged; they cannot recommence the statutory period. Limitations periods do not restart with each subsequent discovery that merely goes to the same alleged conduct. *See Aaroe,* 222 Cal. App. 3d at 127*; see also Averbach v. Vnescheconombank,* 280 F. Supp. 2d 945, 958 (N.D. Cal., 2003); *Wyatt v. Union Mortgage Co.,* 24 Cal. 3d 773, 786 (1979). The Court finds, therefore, that the statute of limitations expired as to the fraud and conspiracy causes of action on July 1, 2003.

Similarly, the statutory period has expired on plaintiff's RICO claims under the third, fourth and fifth causes of action under 18 U.S.C. § 1962(b)-(d), respectively. The statutory period for civil RICO is four years. *See Agency Holding Corp. v. Malley-Duff & Assoc.*, 483 U.S. 143, 156 (1987). Thus the Court finds that the statute of limitations expired on the RICO claims no later than July 1, 2004.

As to the sixth cause of action, the statutory period for a civil rights violation is one year under U.S.C.

United States District Court

For the Northern District of California

§ 1985.3 (Civil Rights). *See Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131, 1135 (9th Cir. 2001); *see also DeGrassi v. City of Glendora*, 207 F.3d 636, 644 (9th Cir. 2000). The Court therefore finds that the statute of limitations expired on the civil rights claim on July 1, 2001.

Finally, as to plaintiff's seventh claim, the statutory period for inverse condemnation claims is three years. *See* Cal. Code Civ. P. § 338(b); *see also McMillan v. Goleta Water Dist.,* 792 F.2d 1453, 1459 (9th Cir.1986); *Mehl v. People ex. rel. Dept. Pub. Wks.,* 13 Cal. 3d 710, 716 (1975). Therefore, as to the inverse condemnation claim, the Court finds that the statutory period expired on July 1, 2003.

Thus the Court finds that plaintiff's claims are time-barred. Plaintiff cannot contend that she discovered new information in order to begin statutory periods anew and reinitiate litigation that she already pursued in state court. Therefore, plaintiff's claims against defendants who were served must be dismissed without leave to amend.

**4.      Dismissal for Failure to Serve**

On May 20, 2005, the Court ordered plaintiff to serve each defendant no later than June 20, 2005, noting that otherwise the Court would dismiss without prejudice any defendants that plaintiff did not serve on or before that date. Plaintiff did not file proofs of service for defendants Hautzik, Odou, and Mendiola. Thus, as to these defendants, the Court must dismiss the complaint without prejudice.

However, the Court notes that if plaintiff had served these defendants, the claims would have been time-barred and thus very likely would have been dismissed with prejudice.

///

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to quash service of summons and *sua sponte* DISMISSES the complaint WITH PREJUDICE with respect to defendants served, Cosgrove, Beaseley, Jorgenson, McClure, Flegel, and the City of Menlo Park. The Court DISMISSES the complaint WITHOUT PREJUDICE with respect to defendants not served, Godfrey,

Hautzik, Odou, and  Mendiola.

**IT IS SO ORDERED.**

Dated: October 18, 2005

SUSAN ILLSTON
United States District Judge